# THE AMERICAN BONDING AND TRUST COMPANY

*v.*

# UNITED STATES, To the Use of S. DANA LINCOLN.

SEVENTY-THIRD RULE; CONTRACTS.

1. A judgment for the plaintiff under the Seventy-third Rule of the Supreme Court of the District of Columbia *affirmed,* where the record showed a declaration supported by an affidavit under that rule, the sufficiency of which was not questioned by the defendent; two pleas supported by affidavit, to which a demurrer was filed; an order sustaining the demurrer; acquiescence in such order by the defendant by taking leave to plead over; an attempt to plead over, which was wholly nugatory, since the plea was the same which had been held bad on demurrer.

2. Upon the failure of a contractor with the Government to pay a materialman in accordance with the contract for such material, the materialman may regard such contract as rescinded, and maintain an action against the sureties on the bond given by the contractor, conditioned for the payment of persons furnishing labor and materials, as required by the act of Congress of August 13, 1894 (28 Stat. 278), for the value of the materials furnished, although the contract provides that payment of a certain percentage of the contract price shall be postponed until the completion of the work.

3. And it is no defense to such a suit that subsequent to such failure on the part of the contractor, the materialman refused to resume the delivery of the material, and the contractor was compelled to purchase at an advanced price.

No. 920. Submitted October 19, 1899. Decided November 9, 1899.

Hearing on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia under the Seventy-third Rule of that court, for want of a sufficient affidavit of defense in an action on a bond. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout* for the appellant.

*Mr. Henry W. Sohon* for the appellee. .

Mr. Justice MORRIS delivered the opinion of the Court:

This is an action of debt on a bond given to the United States of America by Henry T. Douglas and George Snowden Andrews, partners, composing a firm of Douglas & Andrews, with the appellant, the American Bonding and Trust Company of Baltimore City, a corporation of the State of Maryland, as surety, in the penal sum of $30,000, conditioned for the due performance by said firm of all the covenants, conditions and agreements contained in a certain contract entered into by them with the United States, under date of December 16, 1896, for the construction of a wharf and gun emplacements at a place known as Sheridan's Point, in the State of Virginia; and conditioned, also, as required by the Act of Congress of August 13, 1894, (28 Stat. 278), entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," that said firm should promptly make full payments to all persons supplying to them labor or materials in the prosecution of the work provided for in said contract. Douglas & Andrews entered into an agreement with S. Dana Lincoln, who was doing business, it seems, under the name and title of the National Mortar Company, under date of March 29, 1897, whereby it was provided that Lincoln should deliver to Douglas & Andrews, in barges alongside the dock at Sheridan's Point, all the river sand and pebbles required to be used by Douglas & Andrews in their contract with the United States, and that payments should be made therefor by Douglass & Andrews to Lincoln on or about the 15th day of each month, at a certain specified price, to the amount of eighty (80) per centum of the value of the sand and pebbles delivered and accepted in the previous month, and the remaining twenty (20) per centum to be

paid when all the material contracted for should be delivered and accepted.

It is claimed that Douglas & Andrews violated the contract by failure to pay as stipulated; and thereupon Lincoln refused to proceed to deliver any more materials, and instituted this suit to recover the money due to him for the amount of material actually delivered, including not only the 80 per centum specifically payable on or about the 15th day of each month, but also the 20 per centum agreed to be retained or reserved to the completion of the contract. Lincoln sued on the bond given by Douglas & Andrews to the United States, as he was authorized to do by the Act of Congress, to which reference has been made; and proceeded against the surety without joining the principals in the suit.

In the declaration filed on May 18, 1898, it is alleged that, to the end of November, 1897, Lincoln had furnished and delivered sand and pebbles under the contract to the value of $1,991.06; that he had received payments to the amount of $1,314.32; that there yet remained due to him on that account $676.74; that he had fully complied with his contract up to the time of alleged default by Douglas & Andrews; that these latter did not pay on or about December 15, 1897, or at any time thereafter, the 80 per centum due for the sand and pebbles delivered and accepted in the previous November, or any other sum whatever; and that Douglas & Andrews have failed and refused to pay the amount so stipulated to be paid, notwithstanding that the plaintiff, Lincoln, has tendered himself ready and willing to go on with the contract. And the declaration is supported by affidavit, and is accompanied by a copy of the contract between Lincoln and the firm of Douglas & Andrews, and also by a copy of the bond, with the appellant as surety, given by the firm of Douglas & Andrews to the United States.

The defendant company demurred to the declaration on

the ground that a certain requirement of the statute in regard to an affidavit had not been complied with, and also on the ground that the principals had not been joined in the suit; but the dumurrer was overruled, and leave was given to the defendant to plead.    The defendant then filed a plea to the effect that Lincoln had not performed the covenants of the contract on his part to be performed ; and this plea was supported by an affidavit of its general agent, somewhat vague and indefinite in several of its averments, but of which the substantial part in defense of the action was that the firm of Douglas & Andrews had paid everything that was due and payable up to November 30, 1897 ; and that, for the materials delivered and accepted in the month of November, they had, on or about the 10th day of December, 1897, submitted a statement to Lincoln, which they requested him to verify, at the same time offering to pay the amount shown by that statement to be due from them, but that Lincoln had never complied with their request.    It was also stated in this affidavit that, on February 15, 1898, Douglas & Andrews again called the attention of Lincoln to their previous statement, and notified him that shipments of sand and gravel, to a certain specified amount, would be required beginning with March 10, 1898 ; but that Lincoln thereupon notified Douglas & Andrews that he would make no further shipments either of sand or of gravel, upon which notification, as they say, they had to go into the market and purchase sand and gravel at great expense to go on with their contract with the United States.

This affidavit was deemed insufficient by counsel for Lincoln, and motion was made for judgment under the Seventy-third Rule of the Supreme Court of the District of Columbia.    This motion was overruled with leave to the defendant to file an additional plea and affidavit.    An additional plea and affidavit were accordingly filed.    The plea alleged failure of Lincoln to deliver any material after November 30, 1897, and that Douglas & Andrews had to

pay to one Lord for the sand and gravel which they were required to procure $716.58 more than they would have been compelled to pay to Lincoln under their contract with him. The affidavit, which showed that work on the contract between the contractors and the United States was compelled to be suspended on account of the weather from December 1, 1897, to March of 1898, merely elaborated the plea and the refusal of Lincoln to proceed with his contract in March of 1898.

There were now two pleas on the record for this defendant. The plaintiff demurred to both on the ground that, in consequence of the failure of Douglas & Andrews to make payments as stipulated, Lincoln was under no obligation to go on with the contract. This demurrer the court sustained, but again gave the defendant leave to plead, and the time to plead was extended twice. The defendant then filed another or further plea, which was no more than a reiteration of the second plea, with a notice of recoupment attached to it, and without affidavit.

The plaintiff thereupon again moved for judgment under the Seventy-third Rule; and the court allowed the motion, and entered judgment for $30,000, the penal sum of the bond, but to be released on the payment of $676.74, the amount of the claim in the declaration.

From this judgment the defendant company has appealed.

We have been thus careful to state at some length the condition of the pleadings in this case, as disclosed by the record before us, for the reason that they show that there is practically nothing before us for review. Simplified, the record shows a declaration supported by affidavit, the sufficiency of which is not questioned; two pleas supported by affidavit, to which a demurrer is filed; the demurrer sustained; acquiescence in the ruling by the defendant by its taking leave to plead over; an attempt to plead over, which is wholly nugatory, since the plea is the same, which, with the acquiescence of the defendant, has been held bad on demurrer,

and is therefore no plea. The record, therefore, stands without any plea, demurrer, or other defense of any kind to the plaintiff's declaration; and that declaration, with the supporting affidavit, being confessedly unobjectionable, and judgment having been entered upon it for the want of a plea, there is nothing for us to review. No question is made as to the regularity of the judgment itself; and we find no room for question.

The appellant assumes that the judgment was in effect entered upon the plaintiff's demurrer to his pleas; and this may be assumed, for the purpose of the present case, to be the fact, as upon that theory the case has been argued on its merits on behalf of both parties to the suit. But a better practice would have dictated the formal abandonment of leave to plead taken by the defendant, and the actual entry of judgment upon the sustaining of the demurrer.

The substantial question in the case is, whether upon the failure of Douglas & Andrews to make payment in the month of December, 1898, or afterwards, for the material furnished by Lincoln in the month of November, 1898, Lincoln was justified in refusing to resume the delivery of material in March, 1898; and in regarding the contract as then rescinded, with the right to himself to maintain suit for the full value of the material theretofore furnished by him? And this question there can be no hesitation to decide in favor of the appellee, in view of the very positive opinion on the point of the Supreme Court of the United States in a very similar case of *Phillips and Colby Construction Co.* v. *Seymour*, 91 U. S. 646, in which that court, speaking by Mr. Justice Miller, said:

"Plaintiffs here had already performed, and the defendant failed to do its corresponding duty under the contract; and, defendant having defaulted on a payment due, plaintiffs are not required to go on at the hazard of further loss."

As pointed out in that case, the withholding of a certain amount of the stipulated price is only security for future

performance by the party whose money is thus withheld ; and when the defaulting party has by his default terminated the contract, he has no right to retain any amount.

We regard the decision of the Supreme Court in the case of *Phillips and Colby Construction Co.* v. *Seymour* as decisive of the present case. There is no substantial difference between the two cases. The contracts in both are precisely of the same character. The default is the same in both ; and the judgment should be the same.

We are of opinion that the judgment appealed from should be *affirmed, with costs; and it is so ordered.*